**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
CIVIL ACTION NO.: 07-30-GFVT**

**VERNON NORMAN EARLE,**                                                                 **PLAINTIFF**

**V.**

**UNITED STATES OF AMERICA,**                                                          **DEFENDANT**

**REPORT & RECOMMENDATION**

  This Federal Torts Claim Act case has been referred to the undersigned magistrate judge for supervision of pretrial proceedings including the preparation of a Report and Recommendation on dispositive matters, pursuant to 28 U.S.C. §636(b).  *See Vitols v. Citizens Banking Co.,* 984 F.2d 168 (6th Cir. 1993)(motion to certify interlocutory appeal is dispositive).

  **I. PENDING MOTION AND CONSTRUED MOTION**

  Currently this matter is before the Court upon *pro se* Plaintiff Vernon Norman Earle's having filed two (2) Notices of Appeal [Record Nos. 44, 46] and a Motion to Proceed on Appeal *in forma pauperis* [Record No. 48].

  The plaintiff is a prisoner.  The instant record shows that he applied for pauper status when he originally filed this FTCA action, but the Court denied him permission to proceed as a pauper based on financial information in his inmate account.  He then paid the District Court filing fee of $350.00 for a civil action.  The financial information in support of the instant Motion to Proceed on Appeal *in forma pauperis* shows that he has had a reduced income in the last six months, which may qualify him to proceed on appeal as a pauper, pursuant to 28 U.S.C. § 1915(b), but which is not in the form required under the appellate court's rules.  Among other

deficiencies, plaintiff fails to include any statement of the issues which he intends to present on appeal, *see* Federal Rule of Appellate Procedure 24(a)(1), and fails to provide all the information required for an *in forma pauperis* determination.

However, an even more obvious deficiency is that the appeal which plaintiff seeks to take is interlocutory in nature, concerns procedural rulings and, pursuant to 28 U.S.C. §1291, lacks any basis for appellate jurisdiction. *See United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.,* 444 F.3d 462, 471 (6th Cir. 2006). Federal Rule of Appellate Procedure 24(a)(1)-(3) requires a District Court to consider an appellant's motion to proceed *in forma pauperis* on appeal and permits denial of such motion because, among other reasons, the appeal could not be taken in objective good faith. Because there is no legal basis for appellate jurisdiction pending final judgment, the Plaintiff's motion to proceed *in forma pauperis* should be denied, and the court should certify the denial to the Sixth Circuit Court of Appeals consistent with the rule language.

## II. CONCLUSION AND RECOMMENDATIONS

Accordingly , **IT IS RECOMMENDED HEREIN:**

1. That Plaintiff's motion for leave to proceed on appeal *in forma pauperis* [Doc. 48] should be **denied,** and that the district court should certify in accordance with Federal Rule of Appellate Procedure 24(a)(4) that it has denied Appellant's motion and that the appeal is not taken in good faith, and that the Clerk should transmit notice of this certification to the Sixth Circuit Court of Appeals;

2. That to the extent Plaintiff/Appellant seeks a certificate of appealability in order to bring his interlocutory challenge, that his construed motion for a Certificate of Appealability

[Doc. 44, 46] also should be **denied**;

This 12th day of February, 2008.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge